IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT H. DAVIS,

                 OPINION and ORDER

     Plaintiff,

                  09-cv-433-bbc

  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   This is an action for judicial review of an adverse decision of the Commissioner of Social Security, denying plaintiff Robert H. Davis's applications for Disability Insurance Benefits and Supplemental Security Income under Title II and Title XVI of the Social Security Act, codified at 42 U.S.C. §§ 416(I), 423(d) and 1382(c)(3)(A). Plaintiff contends that the administrative law judge who denied his claim erred by failing to find that plaintiff had limited use of his hands and by relying on the Medical Vocational Guidelines instead of calling a vocational expert to determine what work plaintiff could perform. Also, plaintiff argues that the administrative law judge erred in determining that plaintiff's testimony concerning his limitations was not fully credible.

1

Plaintiff's arguments are not persuasive. Substantial evidence in the record supports the administrative law judge's conclusion that plaintiff was not limited significantly in the use of his hands in spite of his diabetes-related neuropathy. Therefore, the administrative law judge properly found that plaintiff could perform the full range of sedentary work and properly applied the Medical Vocational Guidelines to find plaintiff not disabled. Also, I find no error in the manner in which the administrative law judge assessed plaintiff's credibility. For these reasons, I am denying plaintiff's motion for summary judgment and affirming the administrative law judge's decision.

The following facts are drawn from the administrative record (AR):

## FACTS

### A. Background

Plaintiff was born on March 8, 1966. AR 52. He obtained a General Education Diploma. AR 17-18. Plaintiff has worked as a janitor, forklift operator and construction worker. AR 18-19.

Plaintiff filed applications for disability insurance benefits and supplemental security income in August 2007, alleging that he had been unable to work since June 27, 2006 because of diabetic neuropathy in both legs, arthritis in his knee, shortness of breath and lower back pain. AR 127. After the local disability agency denied plaintiff's applications

initially and upon reconsideration, plaintiff requested a hearing, which was held on September 16, 2008 before Administrative Law Judge Stephen J. Ahlgren. The administrative law judge heard testimony from plaintiff. AR 17-38. On December 23, 2008, the administrative law judge issued his decision, finding plaintiff not disabled. AR 47-53. This decision became the final decision of the commissioner on May 13, 2009, when the Appeals Council denied plaintiff's request for review. AR 1-3.

### B. Medical Evidence

Plaintiff has a history of low back pain. AR 249. On November 22, 2005, he saw Dr. Mark Brumm for back pain and tingling in his feet. AR 251. A December 1, 2005 electromyogram showed that plaintiff had bilateral S1 radiculopathy. AR 245. In February 2006, Brumm noted that plaintiff's magnetic resonance imaging scan had showed a small left paracentral disc protrusion at the lumbosacral level. AR 220. Brumm referred plaintiff to Dr. Burton Onofrio, who did not recommend back surgery. AR 217-28.

On August 17, 2006, Dr. Mark S. Perpich performed surgery on plaintiff's right knee. AR 203. Plaintiff was initially limited after the surgery to seated jobs, but was released for light duty work on September 29, 2006. AR 200. After the surgery, Perpich treated plaintiff for osteoarthritis of his right knee with three Synvisc injections. AR 194-98.

In October 2006, plaintiff started physical therapy. AR 300. In December 2006, the

3

physical therapist noted that plaintiff had missed eight visits and had not made any significant progress.  He was discharged because of non-compliance.  AR 299.

In February 2007, Dr. Brumm diagnosed plaintiff with Type II diabetes and started him on Metformin.  AR 191.  On July 2, 2007, plaintiff reported to Brumm that he had discomfort in both of his feet, including his toes.  Brumm noted that plaintiff did not have similar symptoms in his hands.  Brumm diagnosed probable diabetic peripheral neuropathy. AR 178.

On August 20, 2007, Dr. Brumm wrote a letter concerning plaintiff's leg pain.  He stated that plaintiff had "significant" pain, tingling and numbness that prevented him from standing or walking any significant amount.  He noted that although plaintiff obtained some relief from medication, his problem was chronic and could worsen over time.  In Brumm's opinion, plaintiff could not hold a job that required significant walking.  AR 166.

Plaintiff was hospitalized from September 23 to September 25, 2007 for chest pain, but no cause was found.  During this hospitalization, plaintiff was diagnosed with sleep apnea.  Dr. Brumm saw plaintiff on October 3, 2007 and wrote that plaintiff was having left chest and left arm pain that traveled intermittently into his left hand, leaving a tingling sensation in the fingers but not his thumb.  Plaintiff continued to be bothered by diabetic peripheral neuropathy in his feet.  AR 349.

On October 16, 2007, plaintiff was examined by Dr. Peter Pick, a neurologist.

4

Although plaintiff reported intermittent tingling in his fingers, he had normal strength and coordination in his hands, AR 344, and full active and passive range of motion of the elbows, wrists and fingers of both hands. AR 346. Pick diagnosed mild diabetic peripheral neuropathy involving the lower extremities more than the upper extremities. AR 346. He concluded that plaintiff's diabetes was in fairly good control on Metformin. AR 347.

Plaintiff returned to see Dr. Pick on January 24, 2008. Although plaintiff complained that he dropped things on occasion, Pick found that plaintiff had fairly good hand grip strength and good coordination of his hands. AR 378, 380. Pick noted that plaintiff's range of motion of the elbows, wrists and fingers was full without pain, but pinprick and light touch sensation was decreased throughout all the fingers, especially on the left. AR 379. Assessing plaintiff's work-related limitations, Pick concluded that plaintiff had no limitations on sitting and could stand up to 15 minutes with five minute breaks to sit. He could lift five pounds frequently and up to 20 pounds every five minutes. AR 380.

On August 26, 2008, plaintiff had an electromyogram of his lower extremities to assess his tingling, numbness and pain in his feet. The test results were normal and showed no evidence of neuropathy, although the physician noted that small neuropathy resulting from diabetes mellitus can occur notwithstanding a normal EMG. AR 398.

### C. Consulting Physicians

On November 1, 2007, state agency physician Pat Chan completed a physical residual

functional capacity assessment for plaintiff, listing diagnoses of obesity, diabetes, peripheral neuropathy and osteoarthritis. Chan found that plaintiff could lift 10 pounds occasionally and less than 10 pounds frequently, stand or walk two hours in an eight-hour workday and sit six hours in an eight-hour work day with no other limitations. He indicated that his findings did not differ significantly from those of plaintiff's treating physician. AR 359-66.

On January 18, 2008, state agency physician Robert Callear completed a physical residual functional capacity assessment for plaintiff, listing diagnoses of diabetic neuropathy, knee osteoarthritis, obesity, low back pain, hypertension and sleep apnea. Callear found that plaintiff could lift 20 pounds occasionally and 10 pounds frequently, stand or walk six hours in an eight-hour workday and sit six hours in an eight-hour work day with occasional climbing ladders, ropes and scaffolds, kneeling and crawling and no concentrated exposure to hazards, including machinery and heights. Like Chan, Callear indicated that his findings were consistent with that of plaintiff's treating physician. AR 370-77.

### D. Hearing Testimony

Plaintiff testified that he had knee surgery in September 2006 and that he has arthritis in both knees. He testified that it was difficult for him to walk because of pain in his knees. AR 20-21. Also, plaintiff explained that he had been given a diagnosis of diabetes in 2006 and that the diabetes caused burning pain in his feet. He testified that he cannot do maintenance work because he cannot be on his feet. AR 23-24.

Plaintiff testified that he can walk about two and one half blocks before he has to sit down and rest. He walks a total of one mile with intermittent rest stops. AR 24, 33. He testified that he could not sit too long because then his feet do not want to move. AR 25. Further, he testified that he could stand for 15 to 20 minutes, AR 33, but sometimes he could sit for only 10 minutes. AR 34.

Plaintiff testified that the tips of his fingers are numb and that he had trouble holding onto things with his hands, noting that glasses had slipped out of his hands on occasion. AR 25. He testified that, when he washes dishes, he needs to sit down for 30 minutes after standing for ten minutes. AR 30-31.

### E. Administrative Law Judge's Decision

In reaching his conclusion that plaintiff was not disabled, the administrative law judge performed the required five-step sequential analysis. See 20 C.F.R. §§ 404.1520, 416.920. Under this test, the administrative law judge considers sequentially (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. § 404, Subpt. P, App. 1; (4) whether the claimant can perform his past work; and (5) whether the claimant is capable of performing work in the national economy. Knight v. Chater, 55 F.3d 309, 313 (7th Cir. 1995). If a claimant satisfies steps one through three, an automatic finding of disability follows. If the claimant meets steps one and two, but not three, then

7

he must satisfy step four. Id. The claimant bears the burden of proof in steps one through four, but if he satisfies step four, the burden shifts to the commissioner to prove that the claimant is capable of performing work in the national economy. Id.

In this case, the administrative law judge found at step one that plaintiff had not engaged in substantial gainful activity since June 27, 2006, his alleged onset date. He found at step two that plaintiff had severe impairments of mild to moderate cervical and lumbosacral osteoarthritis, moderate right knee osteoarthritis, non-insulin dependent diabetes mellitus with associated mild peripheral neuropathy, moderate to severe sleep apnea and obesity. At step three, the administrative law judge found that plaintiff did not have a physical impairment or combination of impairments that met or medically equaled any impairment listed in 20 C.F.R. 404, Subpart P, Appendix 1. AR 49.

The administrative law judge found that plaintiff retained the residual functional capacity to perform the full range of sedentary work, that is, work involving lifting no more than 10 pounds at a time that is performed mostly while seated. 20 C.F.R. §§ 404.1567(a); 416.967(a). In reaching this conclusion, the administrative law judge found that plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms "can only be found partially credible to the extent they are inconsistent with the above residual functional capacity assessment." AR 51. He wrote:

> While the claimant has received medical attention for the conditions alleged, the record simply does not contain objective medical evidence to support the level of complete debilitation alleged . . .

8

> The ultimate determination for this claim is not inconsistent with those previously issued by the State Agency. The residual functional capacity assessed includes consideration of limitations imposed by all the claimant's diagnosed conditions and associated symptomology including diffuse musculoskeletal pain and possible mild neuropathy. It is also noted that this residual functional capacity is not incompatible with the opinion provided by the claimant's treating physician, Mark Brumm, M.D., who stated on August 20, 2007 that the claimant would be unable to perform most jobs requiring significant walking. Accordingly, the undersigned adopts the opinions provided by both the State Agency and Dr. Brumm and finds the claimant retains the residual functional capacity necessary to perform sedentary work activity.

At step four, the administrative law judge found that plaintiff was not able to perform his past work. At step five, the administrative law judge applied the Medical Vocational Guidelines and found that given plaintiff's age, education, history of unskilled work and ability to perform a full range of sedentary work, plaintiff was not disabled. AR 53 (citing 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 204).

OPINION

A.  Standard of Review

The standard by which a federal court reviews a final decision by the commissioner is well settled: the commissioner's findings of fact are "conclusive" so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). When reviewing the commissioner's

9

findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility or otherwise substitute its own judgment for that of the administrative law judge. Clifford v. Apfel, 227 F.3d 863, 869 (7th Cir. 2000). Thus, where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the commissioner. Edwards v. Sullivan, 985 F.2d 334, 336 (7th Cir. 1993). Nevertheless, the court must conduct a "critical review of the evidence" before affirming the commissioner's decision, id., and the decision cannot stand if it lacks evidentiary support or "is so poorly articulated as to prevent meaningful review." Steele v. Barnhart, 290 F.3d 936, 940 (7th Cir. 2002). When the administrative law judge denies benefits, he must build a logical and accurate bridge from the evidence to his conclusion. Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001).

### B. Residual Functional Capacity

Plaintiff contends that the administrative law judge erred in determining that plaintiff retained the residual functional capacity to perform the full range of sedentary work. Specifically, he argues that the administrative law judge should have found that plaintiff had hand limitations resulting from his peripheral neuropathy that would preclude him from performing the full range of sedentary work. Plaintiff points out that according to Social Security Ruling 96-9p, "[a]ny significant manipulative limitations of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of

the unskilled occupational base." Further, plaintiff argues, because he is not able to perform the full range of sedentary work, the administrative law judge erred at step five when he found that plaintiff was not disabled by applying the Medical Vocational Guidelines instead of calling a vocational expert. Zurawski, 245 F.3d at 889 (if nonexertional limitation might substantially reduce range of work individual can perform, use of guidelines is inappropriate and administrative law judge must call vocational expert to testify).

Plaintiff's argument that he suffers from significant manipulative limitations is not persuasive or supported by the evidence in the record. The administrative law judge found that plaintiff had diabetes mellitus with associated mild peripheral neuropathy. He noted that there was evidence that plaintiff had pain in his feet but only tingling in his hands. AR 51. The administrative law judge agreed with plaintiff's treating physician, Dr. Brumm, that the pain in plaintiff's feet precluded him from jobs requiring significant walking. AR 52. He also noted that the state agency physicians' opinions were consistent with his finding that the plaintiff could perform the full range of sedentary work.

The administrative law judge's discussion makes it clear that he considered all of the evidence of record. Substantial evidence in the record supports his conclusion that plaintiff is able to perform the full range of sedentary work in spite of his neuropathy. In 2007, plaintiff's treating physician, Dr. Brumm, stated that plaintiff had no symptoms of peripheral neuropathy in his hands. Brumm and Dr. Pick both found that plaintiff had good range of motion, strength and coordination in his hands. Finally, although Brumm, Pick and

11

the state agency physicians were all aware of plaintiff's diabetes-related neuropathy and his complaints of tingling in his hands, none of them found that plaintiff had any limitations in gross or fine manipulation or feeling.

Furthermore, plaintiff never reported that he was unable to use his hands or fingers. Although plaintiff testified that he occasionally dropped things and that he had tingling in his fingers, he also testified that he could wash dishes. Even if credited fully, plaintiff's complaints do not amount to the "significant manipulative limitations" contemplated by SSR 96-9p. SSR 96-9p ("The ability to feel the size, shape, temperature, or texture of an object by the fingertips is a function required in very few jobs and impairment of this ability would not, by itself, significantly erode the unskilled sedentary occupational base").

The nub of plaintiff's argument appears to be that in light of his diagnosed peripheral neuropathy and his reports of tingling in his hands, the administrative law judge was required to provide more explanation in his decision for finding no significant manipulative limitations. I disagree. Although the administrative law judge could have been more thorough, his discussion of the evidence and explanation of the basis of his residual functional capacity assessment are sufficient to permit an informed review of his decision. Plaintiff's argument that more was required under Social Security Ruling 96-8p is not persuasive. SSR 96-8p (providing that administrative law judge must assess plaintiff's limitations on function-by-function basis and include narrative discussion describing how evidence supports each conclusion). Although the administrative law judge did not analyze

12

each of the various work-related functions directly in his decision, he did so indirectly when he considered the opinions of the state agency physicians and plaintiff's treating physicians, Drs. Brumm and Pick.  In any case, plaintiff concedes that the record does not show that he has significant limitations in his gross or fine manipulation.  Br. in Supp. of Mot. for Summ. J., p. 15.  Accordingly, plaintiff was not prejudiced by the administrative law judge's failure to discuss this issue more thoroughly.

In sum, the administrative law judge did not err in finding that plaintiff lacked the significant manipulative limitations that would reduce the range of sedentary work he could perform.  Therefore, his application of the Medical Vocational Guidelines was appropriate.  Howell v. Sullivan, 950 F.3d 343, 349 (7th Cir. 1991)(application of grids is appropriate where ALJ found plaintiff had no significant nonexertional limitations.)

## C.  Credibility

Plaintiff challenges the administrative law judge's determination that plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely credible.  Under Social Security Ruling 96-7p, an administrative law judge must follow a two-step process in evaluating an individual's own description of his or her impairments:  1) determine whether an "underlying medically determinable physical or mental impairment" could reasonably be expected to produce the individual's pain or other symptoms; and 2) if such a determination is made, evaluate the "intensity, persistence, and

13

limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." Social Security Ruling 96-7p, 1996 WL 374186, *1 (1996); see also Scheck v. Barnhart, 357 F.3d 697, 702(7th Cir. 2004). When conducting this evaluation, the administrative law judge may not reject the claimant's statements regarding his symptoms on the sole ground that the statements are not substantiated by objective medical evidence. Instead, the administrative law judge must consider the entire case record to determine whether the individual's statements are credible. Relevant factors the administrative law judge must evaluate are the individual's daily activities; the location, duration, frequency and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; other treatment or measures taken for relief of pain; the individual's prior work record and efforts to work; and any other factors concerning the individual's functional limitations and restrictions. SSR 96-7p; 20 C.F.R. §§ 404.1529(c), 416.929(c). See also Scheck, 357 F.3d at 703; Zurawski, 245 F.3d at 887.

An administrative law judge's credibility determination is given special deference because the administrative law judge is in the best position to see and hear the witness and to determine credibility. Shramek v. Apfel, 226 F.3d 809, 812 (7th Cir. 2000). In general, an administrative law judge's credibility determination will be upheld unless it is "patently wrong." Prochaska, 454 F.3d at 738; Sims v. Barnhart, 442 F.3d 536, 538 (7th Cir. 2006)

14

("Credibility determinations can rarely be disturbed by a reviewing court, lacking as it does the opportunity to observe the claimant testifying."). However, the administrative law judge still must build an accurate and logical bridge between the evidence and the result. Shramek, 226 F.3d at 811. The court will affirm a credibility determination as long as the administrative law judge gives specific reasons that are supported by the record. Skarbeck, 390 F. 3d at 505.

Plaintiff argues that the administrative law judge did not clearly set out his findings as to which of plaintiff's statements were credible and did not consider the all of the factors in SSR 96-7p. Contrary to plaintiff's contention, nothing in the commissioner's rulings or regulations required the administrative law judge to make an explicit determination as to whether each of the claimant's various statements concerning his symptoms was credible or to discuss at length each of the factors listed in SSR 96-7p. In any case, the administrative law judge's discussion of plaintiff's credibility was adequate. As defendant points out, the administrative law judge found that plaintiff's statements were not credible to the extent that they were inconsistent with his finding that plaintiff could perform a full range of sedentary work. From this, it is plain which of plaintiff's statements he rejected. Further, it is plain from the decision that the administrative law judge considered the objective medical evidence, the various medical opinions, the absence of medication side effects and plaintiff's testimony concerning standing and sitting in arriving at his credibility determination.

15

Plaintiff's contention that he administrative law judge did not articulate his conclusions adequately or adhere to the regulations is without merit.

In sum, plaintiff has not demonstrated that this is one of those rare occasions in which the court should disturb the administrative law judge's credibility finding. He built an accurate and logical bridge between the evidence and his conclusion that plaintiff's statements considering his limitations were not fully credible.

ORDER

IT IS ORDERED that the decision of defendant Michael J. Astrue, Commissioner of Social Security is AFFIRMED and plaintiff Robert H. Davis's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 14th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge